IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| JOSE HENAO | CIVIL NO. 16-00646 DKW-RLP |
| Plaintiff, | |
| vs. | **ORDER REGARDING SUBJECT MATTER JURISDICTION** |
| HILTON GRAND VACATIONS COMPANY, LLC, *et al.*, | |
| Defendants. | |

**ORDER REGARDING SUBJECT MATTER JURISDICTION**

On December 6, 2016, Defendant Hilton Grand Vacations Company, LLC ("HGVC") filed a Notice of Removal of the Complaint filed by Plaintiff Jose Henao in Civil No. 16-1-2040-11 from the Circuit Court of the First Circuit, State of Hawaii.   The Notice of Removal asserts federal subject matter jurisdiction based solely upon diversity of citizenship under 28 U.S.C. § 1332(a).   *See* Notice of Removal ¶¶ 3-6.   Section 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   In order to satisfy the requirements of Section 1332, there must

1

be complete diversity of citizenship between the opposing parties.   *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity:   In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1181 (9th Cir. 2004).

The Notice of Removal alleges that Plaintiff is a citizen of Hawaii.   Notice of Removal ¶ 4.   The Notice of Removal states that complete diversity exists between the parties because:

> Defendant HGVC is a corporation organized and existing under the laws of the State of Delaware.   Defendant HGVC's corporate headquarters and thus, its princip[al] place of business, was and continues to be in the State of Florida. . . . As such, for the purposes of diversity jurisdiction, Defendant HGVC is deemed to be a citizen of Florida.

Notice of Removal ¶ 5 (citing 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . .")).

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."   *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).   From what the Court can discern based upon the Complaint and Notice of Removal, it is unclear whether

Defendant HGVC is a corporation, as alleged in the Notice of Removal and Complaint, or, as its name suggests, a limited liability company ("LLC"). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. Thus, to establish diversity jurisdiction, if HGVC is an LLC, the citizenship of all owners and/or members of the LLC must be alleged.[1] *Id.* That has not yet occurred.

As the removing party, HGVC bears the burden of establishing subject matter jurisdiction. *Nosie v. Ass'n of Flight Attendants – CWA, AFL-CIO*, 722 F. Supp. 2d 1181, 1190 (D. Haw. 2010). The Court may address subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Based on the foregoing, Defendant HGVC is directed to file, by **December 21, 2016**, a jurisdictional statement clarifying its entity status, and, if appropriate, identifying the citizenship of its owners/members. If any

///

///

///

---

[1]"By contrast, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson*, 437 F.3d at 899 (citing 28 U.S.C. § 1332(c)(1)).

owners/members of HGVC are themselves LLCs or limited partnerships ("LPs"),

HGVC shall identify those LLCs and LPs and specify their citizenship as well.

IT IS SO ORDERED.

Dated: December 7, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____
*Henao v. Hilton Grand Vacations Company, LLC*; Civil No. 16-00646 DKW-RLP;
**ORDER REGARDING SUBJECT MATTER JURISDICTION**