IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| JOSE HENAO,<br><br>      Plaintiff,<br><br>vs.<br><br>HILTON GRAND VACATIONS COMPANY, LLC,<br><br>      Defendant. | Case No. 16-cv-00646-DKW-RLP<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

On October 6, 2017, this Court entered an Order granting Defendant Hilton Grand Vacations Company, LLC's (Hilton) motion for summary judgment. Dkt. No. 26. Judgment was entered the same day. Dkt. No. 27. On November 6, 2017, Plaintiff Jose Henao filed a notice of appeal. Dkt. No. 30. That appeal is still pending. On October 9, 2018, Henao filed the instant motion for relief from judgment ("the motion"), pursuant to Fed.R.Civ.P. 60(b)(2), (3), and 62.1. Dkt. No. 38. Because Henao's appeal is pending, the Court lacks jurisdiction to grant the motion. The Court does, however, have jurisdiction to deny the motion or indicate whether it raises a substantial issue. Exercising that jurisdiction, the Court DENIES the motion because Henao has failed to show that he is entitled to relief under Rule 60(b)(2) or (3).

1

# PROCEDURAL BACKGROUND

On December 6, 2016, Hilton removed Henao's one-count Complaint of retaliation in violation of the Hawaii Whistleblower Protection Act (HWPA). Dkt. No. 1. On June 5, 2017, Hilton moved for summary judgment, asserting that, because Henao was still employed by Hilton, he did not suffer an adverse employment action. Dkt. No. 17.

On October 6, 2017, this Court entered an Order granting Hilton's motion for summary judgment ("the October 6 Order"). Dkt. No. 26. Among other things, this Court found that (1) an adverse employment action is an essential element of a claim under HWPA, (2) the sole adverse employment action Henao identified as occurring was his termination, (3) the evidence contradicted Henao's assertion that he was terminated on July 4, 2016, and (4) to the extent the evidence Henao submitted in opposition to summary judgment was admissible, it failed to raise a genuine issue of material fact as to whether Henao had been terminated. Judgment was entered in favor of Hilton the same day. Dkt. No. 27.

On November 3, 2017, Henao filed a motion for reconsideration of the October 6 Order. Dkt. No. 28. Henao argued that he should be allowed to amend his complaint in order to allege as an adverse employment action that Hilton had suspended him. Henao asserted that his suspension was a fact this Court had found in the October 6 Order. Shortly thereafter, the Court summarily denied the motion

for reconsideration for various reasons, including Henao having "invented" the fiction of the Court finding him to have been suspended. Dkt. No. 29.

On November 6, 2017, Henao filed a notice of appeal. Dkt. No. 30. Both parties assert that the appeal is still pending before the Ninth Circuit Court of Appeals.

On October 9, 2018, Henao filed the instant motion. Dkt. No. 38. Henao argues that the motion is based upon newly discovered evidence. Specifically, Henao relies upon (1) a declaration, dated March 1, 2018, from Leina'ala S.P. Isa ("the March 2018 Isa Declaration"), (2) a declaration, dated October 5, 2018, from Ruby Richardson ("the Richardson Declaration"), and (3) a decision in *Maybin v. Hilton Grand Vacations, LLC*, Case No. 17-cv-00489 (DKW). On October 24, 2018, Hilton filed an opposition to the motion. Dkt. No. 41. In doing so, Hilton submitted a declaration, dated October 16, 2018, from Leinaʻala Ahu-Isa ("the October 2018 Isa Declaration").[1] Dkt. No. 40-1. On October 31, 2018, Henao filed a reply in support of the motion. Dkt. No. 42.

## **LEGAL STANDARD**

The Court may relieve a party from a final judgment or order for, *inter alia*, "newly discovered evidence that, with reasonable diligence, could not have been

---

[1] Although the names on the March 2018 and October 2018 Isa Declarations are not identical, there does not appear to be any dispute that the same individual signed the two declarations. Going forward, the Court will refer to that individual simply as "Isa" herein.

3

discovered in time to move for a new trial under Rule 59(b)," or fraud, misrepresentation, or misconduct. Fed.R.Civ.P. 60(b)(2), (3). A Rule 60(b) motion must be filed within a reasonable time, and, when relying on subsections (2) or (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

A party moving under Rule 60(b)(2) must show that the evidence relied upon "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

When an appeal is pending and a timely motion for relief has been made, a district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed.R.Civ.P. 62.1(a).

## **DISCUSSION**

The opening memorandum in support of the motion is notable for what it lacks−namely, any discussion of why the evidence upon which Henao relies is newly discovered for purposes of Rule 60(b)(2). In fact, other than conclusorily stating that the evidence creates a genuine issue of material fact, Henao does not explain why the motion should be granted. As for Rule 60(b)(3), other than

containing the text "and (3)," the opening memorandum is completely silent on how that provision applies here. The words "fraud, misrepresentation, or misconduct"−the grounds upon which relief under Rule 60(b)(3) can be granted−are never mentioned, much less applied. Moreover, Henao appears unconvinced by his own reliance on Rule 60(b)(3), given that, in the opening memorandum, he states that the motion is only based upon "newly discovered evidence." *See* Dkt. No. 38 at 4.

Things get little better in Henao's reply memorandum. Again, rather than acknowledging that there is an actual standard for analyzing evidence relied upon for purposes of Rule 60(b)(2), Henao simply purports to reply to Hilton's arguments in opposition. Given that Henao never showed why he was entitled to relief under either Rule 60(b)(2) or (3) in his opening memorandum, even a commanding rejection of Hilton's arguments in opposition would do little to advance Henao's burden as the movant. This is especially so where, as here, Henao does not actually reply to *all* of Hilton's arguments.

There are two particularly notable examples. First, in opposition, Hilton argues that Henao failed to exercise reasonable diligence in discovering the evidence upon which he relies. Hilton asserts that Henao could have obtained the evidence during discovery if he had sought to depose any of the relevant individuals or obtain their declarations. In the only apparent reference to this argument in reply, Henao

states:

> After the District Court granted the summary judgment, Plaintiff Henao, due to his longstanding association with Isa, was provided [the March 2018 ISA Declaration], which confirmed that in fact her understanding and action in filing the deactivation of license was because Plaintiff Henao was terminated as he had argued on the motion for summary judgment.

Dkt. No. 42 at 14.

There is no other arguably close mention of how Henao went about trying to obtain the March 2018 Isa Declaration, let alone the other evidence upon which he relies, or why the same could not have been discovered earlier. In other words, the only activity Henao possibly contends constitutes diligence was Isa providing him the March 2018 Isa Declaration after Hilton was granted summary judgment. Not even Henao, though, argues this constitutes reasonable diligence. As far as the Court can tell, the word "diligent" or any derivation of that word is entirely missing from Henao's opening and reply memoranda. This is perhaps not surprising. There is simply nothing reasonably diligent about waiting for the entry of an order on summary judgment to learn of the holes that need filling in your case. Even if that is not what happened here, Henao makes no effort to reply to Hilton's argument that the evidence he relies upon in the motion could have been obtained simply by deposing the relevant individuals. As a result, Henao has failed to satisfy his burden of showing that the evidence he relies upon for purposes of Rule 60(b)(2) could not have been discovered with reasonable diligence in time to move under

Rule 59(b). Therefore, the motion is denied to the extent it seeks relief under Rule 60(b)(2).

Second, in opposition, Hilton argues that Henao's reliance on Rule 60(b)(3) is difficult to understand, but, as understood, it relies on evidence that does not reveal fraud. As discussed above, in light of the fact that Henao does not mention fraud, misrepresentation, or misconduct in his opening memorandum, the Court cannot disagree with Hilton that Henao's reliance on Rule 60(b)(3) is incomprehensible. Even in reply, under a heading that purports to address Hilton's argument in this regard, Henao states that the March 2018 Isa Declaration "clearly disputes" Hilton's assertion that Henao was not terminated on July 4, 2016, "and at a minimum creates a material issue of fact as to the termination."

In other words, Henao's argument appears to be that, because a genuine issue of material fact purportedly exists, fraud or a misrepresentation has been committed. Given that a genuine issue of material fact is the standard for summary judgment, that would seem an extreme interpretation of fraud or a misrepresentation. Henao, of course, does not make that specific argument. Instead, he argues that the March 2018 Isa Declaration "raises a substantial issue …." Henao, conveniently, avoids identifying the "substantial issue." It is certainly not fraud or misrepresentation, as a mere dispute of fact obviously does not mean or even imply either. Moreover, Rule 60(b)(3) is not some back-door way for Henao to litigate summary judgment

when that moment has long since passed. As a result, the Court denies the motion to the extent it seeks relief under Rule 60(b)(3).

## **CONCLUSION**

There are many problems with the instant motion for relief from judgment. By not addressing all of them, the Court does not mean to suggest they do not exist. Hilton's opposition memorandum covers many of them, including the fact that the March 2018 Isa Declaration was signed in March 2018−seven months *before* the motion was filed.[2] The Court elects, though, to deny the motion for the reasons set forth herein. Accordingly, Henao's motion for relief from judgment, Dkt. No. 38, is DENIED.

IT IS SO ORDERED.

Dated: November 13, 2018 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

[2]The Court notes that only by the working of Fed.R.Civ.P. 6(a)(1)(C) was the motion filed at the "extreme limit" of time allowed under Rule 60(c)(1). *See Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (explaining that the "no more than a year" language is "an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired.") (quotation omitted); *see also* Fed.R.Civ.P. 6(a)(1)(C) (excluding Saturdays, Sundays, and legal holidays, such as Columbus Day, from periods stated in days or a longer unit). As the Seventh Circuit explains, waiting−which is clearly what Henao did here−until the final possible day to file a Rule 60(b) motion does not mean such a motion was filed within a reasonable time. *Cf. Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (explaining that a number of factors are relevant to whether a Rule 60(b)(1) motion, which was filed within a year of dismissal, was filed within a "reasonable time," and finding the motion in that case was filed within a reasonable time in light of the fact that the movants' attorney had suffered from "traumatic medical issues," including three surgeries, prior to filing the motion).

8